UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL NEMIR, M.D.,

    Plaintiff,

v.

MITSUBISHI MOTORS CORP.,

    Defendant.
    _____/

Case No. 96-75380

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S MOTION TO TAX COSTS [331]**

On May 23, 2002, a jury entered a verdict for Defendants. Then, on June 12, 2002, Plaintiff filed an appeal. On August 31, 2004, the Sixth Circuit vacated the judgment and remanded for a new trial. Plaintiff then submitted a Bill of Costs [329] for $4,794.25–$210 for filing fees and $4,584.25 for Court Reporter Fees. The Clerk of the Court entered an order [330] that allowed $210 to be taxed against Defendants, but denied the Court Reporter Fees because Plaintiff submitted "[i]nsufficient documentation." Plaintiff filed an appeal of that order [331] with this Court.

Pursuant to Fed. R. App. P. 39(a)(3), "if a judgment is reversed, costs are taxed against the appellee[.]" Rule 39 further provides that

> [t]he following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
> (1)    the preparation and transmission of the record;
> (2)    *the reporter's transcript, if needed to determine the appeal*;
> (3)    premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
> (4)    the fee for filing the notice of appeal.

Fed. R. App. P. 39(e) (emphasis added).[1] In addition, the attorney filing a Bill of Costs must provide "documentation to support the claims made." (Handbook § I.)

In his appeal, Plaintiff only argues that the invoice for the transcripts (the "Invoice")–*i.e.*, the documentation he provided the Clerk of the Court–clearly supports his claim. The invoice provides a date in the upper right-hand corner. (Invoice.) This date is listed as June 5, 2002–one week before Plaintiff filed his appeal. (Id.) In addition, in the middle of the invoice, the following information is provided:

> Date(s):  5-08-02 (46 pg., not shared; 27 pg., shared cost with defense);
> 5-9-02 (123 pg., shared);
> 5-10-02 (75 p., shared);
> 5-13-02 (171 p., exp., shared)
> 5-14-02 (134 p., exp., shared);
> 5-15-02 (72 p., exp., shared);
> 5-16-02 (156 p., 2 volumes, shared);
> 5-20-02 (139 p., daily, shared)
> 5-21-02 (165 p., exp., not shared)
> 5-22-02 (217 p., exp., not shared)
> 5-23-02 (50 p., exp., not shared)

(Id.) The invoice goes on to state that the total cost is $4,584.25. (Id.)

Defendant contends that this section shows the different dates when the transcripts were ordered. It then argues that the transcripts could not have been in preparation for appeal because they were ordered before a verdict. Plaintiff, on the other hand, claims that the first date–June 5, 2002–shows the date he ordered the transcripts.

---

[1] This district provides a Bill of Costs Handbook (the "Handbook"). It provides that "[a]ppellate fees" set out in Fed. R. App. P. 39(e) are taxable. (Handbook § II(A)(1)(d).) *See also* 28 U.S.C. § 1920(2) ("A judge or clerk of any court of the United States may tax as costs . . . [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case . . . ."); Handbook § II(B)(1)(b) (stating that transcripts "ordered for appeal purposes" are taxable).

Resolution of this dispute is not necessary, however, because the timing is not dispositive; the standard set forth in Fed. R. App. P. 39(e)(2) states that transcripts are taxable so long as they were *needed* to determine the appeal. In this case, the transcripts were designated as part of the Joint Appendix and submitted to the Sixth Circuit. Based on this fact, it is reasonable to assume that they were necessary for the Sixth Circuit to resolve the appeal. Defendant has not submitted any evidence that would lead to a different conclusion. Therefore, the Court hereby orders that:

- Plaintiff's motion [331] is GRANTED;
- the Clerk's order denying in part Plaintiff's Bill of Costs [330] is REVERSED IN PART;
- and the $210 for Fees of the Clerk and the $4,584.25 for Court Reporter Fees are taxed against Defendants.

SO ORDERED.


        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  September 14, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 14, 2005, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager